Taft, J.,
dissenting. By the words of the 1937 reciprocity agreement, Ohio and Michigan did each “severally waive and forego * * * payment by their respective outstate motor carriers of the license plate taxes, including weight taxes for motor vehicles, and also mileage fees for their operations, including Ohio taxes levied under the provisions of Sections 614-94, 614-112, 6291, 6292 and 6293, and any connected provisions of the Ohio General Code, or which may be levied or payable in lieu of such provisions, also including Michigan mileage fees under, or in lieu of Section (2) of Article IV of Act 254 of the Michigan Public Acts of 1933, as amended, and weight taxes under Act 302 of the Michigan Public Acts of 1915, as amended, but excluding in all cases the filing fees, if any, to either commission for filing and hearing of application for procurement of carriers operating authority, or permits for such; which said taxes and fees included within this waiver provision are sometimes herein described as exempted taxes and fees.”
The words “license plate taxes, including weight taxes for motor vehicles, and also mileage fees for their operations” are general words. Standing alone, these words (especially in view of the portion, “including, * * * mileage fees for their operations”) might be broad enough to cover the Ohio axle-mile tax. However, these general words do not stand alone in the 1937 reciprocity agreement but are followed therein by references to “taxes” levied under specified Ohio statutes which are intended to be included and by references to “fees” and *137 “taxes” under specified Michigan statutes. The tax involved in the instant cases is admittedly not “levied under the provisions of” any of the sections of the Ohio statutes specified in the 1937 reciprocity agreement or “any connected provisions of the Ohio General Code”; and the tax involved in the instant cases is also obviously not one “levied or payable in lieu of” any taxes or fees provided for in the Ohio statutory provisions specified in that 1937 reciprocity agreement. It may be observed also that, with regard to Ohio, reference is made only to “taxes,” although, with regard to Michigan, reference is made to “fees” and “taxes,” and the reference generally to “mileage fees ’ ’ is not one to mileage taxes.
It may further be observed that the claim of appellants in the instant cases is for an interpretation of the 1937 reciprocity agreement which will provide them with an exemption from taxation. Although statutory provisions claimed to provide for exemption from taxation are to be reasonably construed, they are strictly construed against those claiming such tax exemption. In re Bond Hill-Roselawn Hebrew School, 151 Ohio St., 70, 84 N. E. (2d), 270. In my opinion, the same rule of construction should apply with respect to interpretation of this contract, since it is claimed that those acting on behalf of the state in making the contract have provided therein for exemption from taxation.
In my opinion, the 1937 reciprocity agreement between Ohio and Michigan can not reasonably be interpreted to cover the axle-mile tax, levied for the first time in 1953 as a consequence of the enactment of Sections 5728.01 to 5728.15, inclusive, Eevised Code.
Zimmerman and Bell, JJ., concur in the foregoing dissenting opinion.